**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BRADLEY S. DWORKIN and THE LAW OFFICES OF BRADLEY S. DWORKIN, P.C., individually and on behalf of all others similarly situated,**<br><br>      **Plaintiffs,**<br><br>      **v.**<br><br>**TANDEM PROFESSIONAL EMPLOYER SERVICES II, LLC, and VENSURE EMPLOYER SERVICES, INC.,**<br><br>      **Defendants.** | Case No. |

**NOTICE OF REMOVAL**

Defendants Tandem Professional Employer Services II, LLC ("Tandem") and Vensure Employer Services, Inc. ("Vensure," and together with Tandem, "Defendants") file this Notice of Removal of the above-captioned action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division ("State Court"). Removal is proper based on 28 U.S.C. §§ 1332 and 1441, as amended by the Class Action Fairness Act of 2005 ("CAFA"), and as authorized by 28 U.S.C. § 1453.

**FACTUAL BACKGROUND**

1. On February 23, 2026, plaintiffs Bradley S. Dworkin and the Law Offices of Bradley S. Dworkin (collectively "Plaintiffs") filed a complaint styled *Bradley S. Dworkin, et al. v. Tandem Professional Employer Services II, LLC, et al.*, Case No. 2026 CH01651 (the "Complaint") in Illinois State Court (the "State Court Action"). Copies of the Summons and Complaint are attached as **Exhibits A and B**.

2. In the Complaint, Plaintiffs allege that they entered a Certified Professional Employer Organization Service Agreement (the "Service Agreement") with Tandem in January 2019. Complaint at ¶ 12. Plaintiffs allege that Tandem "agreed to provide comprehensive employment-related services to Plaintiffs, including payroll processing, tax administration, reporting, withholding, and paying applicable federal employment taxes, and handling all tax-related matters with governmental authorities on Plaintiffs' behalf." *Id.* at ¶ 13.

3. Plaintiffs allege that Tandem was purchased by Vensure in or around 2024 and that Vensure now operates Tandem's business. *Id.* at ¶ 7.

4. Plaintiffs allege that, in June 2022, they executed an Employee Retention Tax Credit Affirmation (the "ERTC Affirmation") authorizing Tandem to submit applications for the Employee Retention Credit ("ERC" or "ERTC") to the IRS. *Id.* at ¶¶ 18, 25. The ERC is a refundable tax credit created by the Coronavirus Aid, Relief, and Economic Security Act, as subsequently extended and modified by Congress. *Id.* at ¶ 18.

5. Plaintiffs allege that Tandem processed and paid sixteen ERC claims on Plaintiffs' behalf between September 2022 and April 2025, remitting $880,468.70 to Plaintiffs. *Id.* at ¶¶ 75-76. However, Plaintiffs allege that Tandem retained approximately $164,815 in interest relating to refunded payments. *Id.* Plaintiffs further allege that two of their ERC claims totaling $738,995.84 remain outstanding. *Id.*

6. Plaintiffs claim that Defendants have a broader practice of "systematically charg[ing] undisclosed fees by retaining interest payments on ERC refunds." *Id.* at ¶ 80.

7. Plaintiffs filed the State Court Action on their own behalf and purportedly on behalf of the following putative class:

> All persons and entities who, between January I, 2019 and the present, engaged Tandem Professional Employer Services II LLC

or any affiliated CPEO entity to provide payroll, tax administration, or related services, and for whom Tandem filed Employee Retention Credit claims with the IRS, received interest payments from the IRS on delayed ERC refunds, and failed to remit such interest payments to such persons or entities.

8. The Complaint asserts two causes of action: breach of contract and breach of fiduciary duty.

## DIVERSITY JURISDICTION UNDER CAFA

9. The State Court Action is removable under CAFA.

10. CAFA was intended to "expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed." S. Rep. 109-14, at 43 (2005), reprinted in U.S.C.C.A.N. 3, 41; *see also* H. Rep. 108-144, at 36-37 (2005).

11. Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a putative "class action" commenced after the effective date of CAFA may be removed to the United States District Court embracing the state court where the action was filed if (a) any member of the putative class is a citizen of a state different from any defendant; and (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. Complete diversity among parties is not required. 28 U.S.C. § 1332(d)(2)(A).

12. Defendants bear the burden of demonstrating that removal is proper. *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 768 (N.D. Ill. 2019). However, "[a]lthough any doubt regarding jurisdiction should be resolved in favor of remand in 'mine-run diversity cases,' the same presumption does not apply in CAFA cases." *Id.* (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014)).

**A.     CAFA's Minimum Diversity Requirement Is Met.**

13.     The requisite diversity of citizenship exists under 28 U.S.C.§§ 1332(d)(2) and (d)(7). Plaintiffs are citizens of Illinois. Compl. at ¶¶ 4-5. The putative class consists of "hundreds or thousands of Tandem clients located throughout the United States," regardless of domicile or citizenship. *Id.* at ¶ 87. Defendant Tandem is an Illinois limited liability company with its principal place of business in Illinois, and Defendant Vensure is an Arizona corporation with its principal place of business in Arizona. *Id.* at ¶¶ 6-7. Thus, the minimum diversity required by CAFA exists.

**B.     CAFA's Amount in Controversy Requirement Is Met.**

14.     Under 28 U.S.C. § 1332(d), as amended by CAFA, the amount in controversy in a putative class action is determined by aggregating the amount at issue of the claims of all members of the putative class. 28 U.S.C.§ 1332(d)(6). While Defendants deny that Plaintiffs or any putative class member is entitled to any relief, the Complaint's allegation of a putative class and the relief sought place an aggregate amount in controversy of more than $5,000,000, exclusive of interest and costs. *See* Compl. at ¶ 81.

15.     The proponent of federal jurisdiction under CAFA does not need to prove that the plaintiff will actually recover $5 million if successful. Instead, "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberv v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (internal citation omitted).

16.     According to the Complaint, "the amount of undisclosed fees wrongfully charged and collected by Defendants from all Class members through interest retention ranges from ten million dollars ($10,000,000) to one hundred million dollars ($100,000,000) or more." Compl. at

¶ 81. Therefore, the low end of plaintiffs' own calculations is sufficient to meet the bar under CAFA. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (amount in controversy requirement may be satisfied by "calculation from the complaint's allegations" or "by reference to the plaintiff's informal estimates").

17.     Plaintiffs seek a recovery of at least $164,815 in interest allegedly retained by Defendants and allege a class consisting of "hundreds or thousands" of former Tandem clients. Compl. at ¶ 87. To meet CAFA's $5,000,000 threshold, Plaintiffs would only need to identify roughly 30 class members with similarly sized claims. If the class consists of exactly 100 members, the average claim would need to be only $50,000, less than one-third the size of Plaintiffs' individual claim. The alleged damages for the putative class easily exceed $5,000,000.

18.     In summary, although Defendants deny that Plaintiffs and the putative class are entitled to any relief, the amount in controversy in this matter exceeds $5,000,000.

### C.     CAFA's Other Requirements Are Met.

19.     <u>Numerosity</u>. The numerosity requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied by the allegations set forth in the Complaint, which defines the class as "hundreds or thousands of Tandem clients located throughout the United States." Compl. at ¶ 87. Thus, the putative class, as pled, exceeds the 100-member threshold as set forth in 28 U.S.C. § 1332(d)(5)(B).

20.     <u>No CAFA exceptions apply</u>. Although Plaintiff, not Defendants, bears the burden of showing that any CAFA exceptions apply, *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, none of the exceptions apply here.

21.     For example, the "home state" exception, under which a district court shall decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was

originally filed," 28 U.S.C. § 1332(d)(4)(B), does not apply. Vensure is a citizen of Arizona, not Illinois, so this exception does not apply. Compl. at ¶ 7.

22. The "local controversy" exception under 28 U.S.C. § 1332(d)(4)(A) similarly requires that "greater than two-thirds" of the putative class and at least one defendant are citizens of the state where the action was originally filed. Although Plaintiff does not specifically plead the concentration of class members in Illinois, it does plead that Tandem's clients are "geographically dispersed throughout the United States." Compl. at ¶ 87. Plaintiffs will have the burden of showing that this class is simultaneously "dispersed" and also concentrated in a single state.

23. This case is therefore removable pursuant to 28 U.S.C. § 1332(d)(2) because: (i) the case has been brought as a purported class action and included within the purported class are more than 100 class members; (ii) at least one member of the purported class is a citizen of a State different from Defendant; and (iii) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2).

**D.** **All Procedural Requirements Are Met.**

24. Removal Is Timely. This Notice of Removal has been filed within thirty (30) days of receipt of the Summons and Complaint (which were served February 25, 2026) and is therefore timely in accordance with 28 U.S.C. § 1446(b). *See* Ex. A.

25. Removal to Proper Court. Venue is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, County Department, Chancery Division, where the State Court Action was originally commenced.

26.     Notice.  A copy of the Notice of Filing of Notice of Removal will be timely filed with the clerk of the State Court, and served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

27.     In the event Plaintiff seeks to remand this case, Defendants requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

**CONCLUSION**

WHEREFORE, Defendants give notice that the above-entitled State Court Action, formerly pending in Circuit Court of Cook County, be removed to the United States District Court for the Northern District of Illinois.

Dated: March 27, 2026.

SNELL & WILMER L.L.P.

By: */s/ John S. Delikanakis*
    John S. Delikanakis (IL Bar No. 6229125)
    SNELL & WILMER L.L.P.
    1700 S. Pavilion Center Drive
    Suite 700
    Las Vegas, Nevada 89135
    Telephone:     702.582.5200
    jdelikanakis@swlaw.com

    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that, on March 27, 2026, I electronically transmitted the **NOTICE OF REMOVAL** with the Clerk of Court for the U.S. District Court, Northern District of Illinois by using the Court's CM/ECF system for filing. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Michelle Shypkoski*

An employee of SNELL & WILMER L.L.P.

-8-

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| A | Summons |
| B | Complaint |