**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRADLEY S. DWORKIN and THE LAW OFFICES OF BRADLEY S. DWORKIN, P.C., individually and on behalf of all others similarly situated,<br><br>        **Plaintiffs,**<br><br>        **v.**<br><br>TANDEM PROFESSIONAL EMPLOYER SERVICES II, LLC, and VENSURE EMPLOYER SERVICES, INC.,<br><br>        **Defendants.** | Case No. 1:26-cv-03400-SLE |

## MOTION TO STAY DISCOVERY

Defendants Tandem Professional Employer Services II, LLC ("Tandem") and Vensure Employer Services, Inc. ("Vensure") moves pursuant to Fed. R. Civ. P. 26(c)(1) to temporarily stay discovery pending resolution of Defendants' Motion to Compel Arbitration or, in the Alternative, to Dismiss and Strike Class Allegations (the "Dispositive Motion") and until Defendants have answered the operative Complaint filed by Plaintiffs Bradley S. Dworkin ("Dworkin") and The Law Offices of Bradley S. Dworkin, P.C. (the "Firm").

A stay of discovery is warranted under the familiar three-factor test utilized by this Court. First, the requested stay will not prejudice plaintiffs because this case is in its early stages and because Plaintiffs elected to litigate in this Court despite the parties' clear agreement to arbitrate. Second, a stay will simplify the issues because the Dispositive Motion may result in a stay of the entire case pending the result of arbitration or a substantial narrowing of the questions to be litigated. Third, a stay will reduce the burden of litigation because the parties will not have to engage in class discovery that may become moot if the court directs the parties to arbitrate. Accordingly, the Court should stay discovery until it has resolved Defendants' potentially case-dispositive motion and until Defendants have answered Plaintiff's operative Complaint.

## I.     RELEVANT BACKGROUND

Defendants described the factual background in detail in the Dispositive Motion, and incorporate that background here.   In sum, Tandem is a certified professional employer organizations that assisted the Firm in applying for a tax relief program known as the Employee Retention Tax Credit ("ERC").  Vensure is Tandem's ultimate corporate parent.  Plaintiffs allege that although Tandem processed approximately $880,000 in ERTC refunds for the Firm, Tandem withheld between $150,000 and $250,000 in interest owed to the Firm on the refunds.  Plaintiffs allege, on their own behalf and on behalf of a loosely-defined putative class of Tandem clients, that this practice breached the Service Agreement between Tandem and the Firm as well as certain undescribed fiduciary duties.

Defendants filed the Dispositive Motion contemporaneously with this motion.  The Dispositive Motion argues that Plaintiffs' claims are subject to arbitration under the Service Agreement's arbitration clause, which requires arbitration of all disputes except for those relating to the payment of "fees" to Tandem.  The Dispositive Motion argues that this question has been delegated to the arbitrator, requiring this Court to stay the case while the arbitrator determines arbitrability questions.  *See* Dispositive Motion at 7-9.  The Dispositive Motion also seeks to dismiss Vensure as a defendant and Dworkin as a plaintiff, because the Complaint conflates Vensure with Tandem, and conflates Dworkin with his Firm, without any plausible basis for doing so.  *Id.* at 9-11. The Dispositive Motion seeks dismissal of the claim for breach of fiduciary duty, because no such duty exists as to professional employer organizations generally and no such duty is owed on these specific facts.  *Id.* at 12-13.  Finally, the Dispositive Motion seeks to strike Plaintiffs' class allegations on the theory that they cannot show commonality, predominance, or superiority as a matter of law.  *Id.* at 13-15.  If granted, the Dispositive Motion resolves this entire case, or will substantially narrow the issues for this Cout's review.

## II.  ARGUMENT

This Court has broad discretion to control discovery. *Central States Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012). Although filing a dispositive motion "does not automatically stay discovery, staying discovery during the pendency of such a motion is not disfavored and is often appropriate where the motion [] can resolve the case." *Vital Proteins, LLC v. Ancient Brands, LLC*, No. 22-cv-02265, 2023 WL 5671857, at *3 (N.D. Ill. Sept. 1, 2023) (cleaned up).  This is particularly true when a threshold issue such as arbitrability is raised by dispositive motion.  *See Garage Door Sys., LLC v. Blue Giant Equip. Corp.*, No. 1:23-cv-02223-JMS-KMB, 2024 WL 1621185, at *2 (S.D. Ind. Apr. 15, 2025) ("Granting a stay of discovery is important because if a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators—indeed, for the sake of economy and in contrast to the practice in adjudication, parties to an arbitration do not conduct discovery; the arbitrators do.")

This Court assesses three factors in determining whether discovery should be stayed pending resolution of a dispositive motion: "(1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *Liggens v. Reicks*, No. 3:19-cv-50303, 2021 WL 2853359, at *1 (N.D. Ill. Jul. 8, 2021) (citation omitted).

### A.  A Stay Will Not Prejudice Plaintiffs.

Plaintiffs will not be prejudiced by a stay of discovery.  "Mere delay in the resolution of the case is not sufficient to show prejudice." *Georgia Gaming Investment, LLC v. Chicago Title & Tr. Co.*, No. 22-cv-02328, 2023 WL 5804360, at *1 (N.D. Ill. Mar. 31, 2023).  The risk of delay is particularly low when "the case is in its infancy, discovery has yet to commence, and the Court has not entered a scheduling order." *Wineke v. USPTO*, No. 1:20-cv-02285-JPH-DLP, 2020 WL

6498927, at *2 (S.D. Ind. Nov. 5, 2020).

This factor weighs in Defendants' favor. A stay will cause, at most, "mere delay"; there is no plausible reason to believe that any evidence will be jeopardized by a stay. Nor can Plaintiffs claim surprise that Defendants seek to arbitrate. The Complaint refers to the arbitration provision numerous times, arguing that this case falls within a narrow "carve-out" for cases relating to payment of Tandem's fees. Plaintiffs cannot claim prejudice when the motion to compel only became necessary due to their own litigation tactics, which attempt to circumvent the arbitration provision.

### B. A Stay Will Simplify the Issues in this Case.

A stay of discovery is appropriate when a pending motion "has potential to dispose of certain claims . . . making discovery unnecessary or at least narrowing its scope." *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *2 (N.D. Ill. March 9, 2022). Staying discovery pending a motion to compel arbitration is particularly sensible because if the claims are arbitrable, then "any discovery conducted prior to determining arbitrability would be in vain, as the arbitrator would need to replicate that process." *Pretzsch v. Focus Servs., LLC*, No. 19 C 3599, 2019 WL 13275025, at *2 (N.D. Ill. Dec. 2, 2019); *see also Ogungemi v. Omnicare*, No. 1:22-cv-00649-SEB-MKK, 2023 WL 2139834, at *2 (S.D. Ind. Feb. 17, 2023) (noting that a motion to compel arbitration raises "significant threshold issues" that augur in favor of a stay). Similarly, a motion to dismiss class claims inherently carries the potential to "streamlin[e] issues for trial." *Besnier v. MB Global Logistics, Inc.*, No. 25-cv-7932, 2026 WL 1346546, at *2 (N.D. Ill. May 14, 2026).

Here, Defendants' Dispositive Motion raises several key legal arguments, each of which has the potential to eliminate or simplify the issues for this court's review: (1) the parties are required to arbitrate all claims between them; (2) Vensure is not a proper defendant; (3) Dworkin

is not a proper plaintiff; (4) the class allegations should be dismissed; and (5) Defendants did not owe Plaintiffs a fiduciary duty as a matter of law. The parties should not conduct discovery prior to resolution of these important issues, particularly when that discovery may "be in vain." *Pretzsh*, 2019 WL 13275025, at *2.

### C. A Stay Will Reduce the Burden of Litigation.

"[G]iven the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss." *Calderon v. Procter & Gamble Co.*, Case No. 22-cv-3326, 2022 WL 20742696, at *2 (N.D. Ill. Oct. 6, 2022). There is no reason to depart from that practice in this case. The Complaint alleges a class that numbers in the hundreds or thousands, and total class damages exceeding $100 million. By contrast, if Plaintiffs are forced to arbitrate, or if the class allegations are dismissed, then this case may be litigated as a garden-variety breach of contract case with a total value around $250,000. Given this potential for a vast reduction in the complexity of this case, the parties should not engage in burdensome and expensive class discovery until the Court has clarified whether and to what extent this case may move forward.

### III.   CONCLUSION

For the above reasons, Defendants request that the Court temporarily stay discovery pending resolution of the Dispositive Motion and until Defendants have answered Plaintiff's operative Complaint.

Dated: May 26, 2026

SNELL & WILMER L.L.P.

By: */s/ John S. Delikanakis*
    John S. Delikanakis (IL Bar No. 6229125)
    SNELL & WILMER L.L.P.
    1700 S. Pavilion Center Drive
    Suite 700
    Las Vegas, Nevada 89135
    Telephone:    702.582.5200
    jdelikanakis@swlaw.com

    Cory Braddock *(admitted Pro Hac Vice)*
    Patrick Tighe *(admitted Pro Hac Vice)*
    Danny Inglese *(admitted Pro Hac Vice)*
    SNELL & WILMER L.L.P.
    1 East Washington Street
    Suite 2700
    Phoenix, AZ 85004
    Telephone: 602-382-6000
    cbraddock@swlaw.com
    ptighe@swlaw.com
    dinglese@swlaw.com

    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that, on May 26, 2026, I electronically transmitted the **MOTION TO STAY DISCOVERY** with the Clerk of Court for the U.S. District Court, Northern District of Illinois by using the Court's CM/ECF system for filing.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Michelle Shypkoski
An employee of SNELL & WILMER L.L.P.

-7-